IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| VICTORIA ANDERSON,          § | | |
|     PLAINTIFF,             § | | |
| § | | |
| V.                          § | CIVIL CASE NO. 3:18-CV-2399-D-BK | |
| § | | |
| VIOLET L. NOBLES, ET AL.,   § | | |
|     DEFENDANTS.           § | | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order* 3, this case was automatically referred to the United States Magistrate Judge for judicial screening. The Court granted Plaintiffs' motion to proceed *in forma pauperis* but did not issue process. Upon review of the relevant pleadings and applicable law, this case should be summarily **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

**I.    BACKGROUND**

Plaintiff Victoria Anderson filed a *pro se* complaint against AIG Claims Services, AIG Representative Violet L Nobles, Commerce and Industry Inc., and Corporation Service Company. Though difficult to follow and replete with vague allegations, the complaint seeks to bring an "administrative appeal" of the Administrative Law Judge's (ALJ's) June 22, 2018 decision denying workers compensation insurance benefits. Doc. 3 at 1, 7-15 (ALJ's decision). Anderson also avers there was "malicious activity and misconduct outside the administrative avenues created by the workers' compensation laws." Doc. 3 at 5. She states the following as causes of actions:

> sounding in tort (negligence; gross negligence; negligent, fraudulent, and intentional misrepresentation; fraud; fraud by non-disclosure; fraudulent inducement; intentional infliction of emotional distress; and conspiracy);
>
> sounding in contract (breach of contract; quantum meruit; and breach of the common law duty of good faith and fair dealing); and
>
> alleging violations of statutory duties (under the Texas Insurance Code and the Texas Deceptive Trade Practices Act).

Doc. 3 at 5.

Anderson seeks "actual damages for physical injuries, mental injuries, loss of income, and loss of reputation; exemplary damages; statutory damages; and injunctive relief prohibiting AIG from continuing to engage in such 'extreme and outrageous' conduct." Doc. 3 at 3.

## II.   ANALYSIS

Before screening an *in forma pauperis* complaint under 28 U.S.C. § 1915(e), the Court should always examine, *sua sponte*, if necessary, the threshold question of whether it has subject matter jurisdiction. *System Pipe & Supply, Inc. v. M/V Viktor Kurnatovsky*, 242 F.3d 322, 324 (5th Cir. 2001); FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Unless otherwise provided by statute, a federal district court has subject matter jurisdiction over (1) a federal question arising under the Constitution, a federal law, or a treaty, *see* 28 U.S.C. § 1331, or (2) a case where there is complete diversity of citizenship between parties and the matter in controversy exceeds $75,000, *see* 28 U.S.C. § 1332. "Under the well-pleaded complaint rule, 'a federal court has original or removal jurisdiction only if a federal question appears on the face of the plaintiff's well-pleaded complaint; generally, there is no federal jurisdiction if the plaintiff properly pleads only a state law cause of action.'" *Gutierrez v. Flores*, 543 F.3d 248, 251-52 (5th Cir. 2008).

The Court liberally construes Anderson's complaint with all possible deference due a *pro se* litigant.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (noting *pro se* pleadings are "to be liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers"); *Cf.* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice.").  Even under this most liberal construction, however, Anderson has not alleged facts that could be construed to establish federal question or diversity jurisdiction.

The *Complaint*, as supplemented by the *Answers to Magistrate Judge's Questionnaire*, plainly fails to present a federal cause of action, alleging only state common law tort and contract claims, as well as state statutory claims under the Texas Insurance Code and/or Deceptive Trade Practices Act.  Doc. 3 at 1-5; Doc. 8 at 1-3.  Moreover, no matter her dissatisfaction with the ALJ's workers compensation decision, Anderson may not seek recourse in federal court.  The *Rooker-Feldman* doctrine[1] divests this Court of subject matter jurisdiction to review the denial of workers compensation benefits.  See  Weekly v. Morrow, 204 F.3d 613, 615 (5th Cir. 2000) (holding that by virtue of the *Rooker-Feldman* doctrine, "'federal district courts, as courts of original jurisdiction, lack appellate jurisdiction to review, modify, or nullify final orders of state courts'" (quoting Liedtke v. State Bar, 18 F.3d 315, 317 (5th Cir. 1994)); Clavo v. Townsend, 544 F. App'x 549, 550-51 (5th Cir. 2013) (affirming dismissal of *pro se* plaintiff's federal lawsuit based upon denial of workers compensation benefits).

Additionally, as a Texas resident, Anderson shares the same state of citizenship as the Defendants named in the *Complaint*, thus, there is no diversity jurisdiction.  Doc. 3 at 16; Doc. 8

---

[1] This doctrine takes its name from two Supreme Court decisions: *District of Columbia, Court of Appeals v. Feldman*, 460 U.S. 462 (1983), and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).

at 3-5.  See *Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003) (district court cannot exercise diversity jurisdiction if the plaintiff shares the same state of citizenship as any one of the defendants) (citation omitted).

Since the complaint does not present a sufficient basis for federal question or diversity jurisdiction, the Court cannot exercise supplemental jurisdiction over Anderson's state law claims.  See 28 U.S.C. § 1367(a) ("in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.").

### III.  LEAVE TO AMEND

Ordinarily, a *pro se* plaintiff should be granted leave to amend her complaint prior to dismissal, but leave is not required when she has already pled her "best case."  *Brewster v. Dretke,* 587 F.3d 764, 767–68 (5th Cir. 2009).  Here, the facts as alleged by Anderson clearly demonstrate a lack of subject matter jurisdiction in this Court.  In addition, the Court has already given Anderson the opportunity to supplement the complaint by her *Answers to Magistrate Judge's Questionnaire*.  Thus, granting leave to amend would be futile and cause needless delay.

### IV.  CONCLUSION

For the foregoing reasons, this action should be summarily **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.  See FED. R. CIV. P. 12(h)(3).

**SO RECOMMENDED** on November 21, 2018.

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).